IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| IN RE: | : |
| | :   CHAPTER 7 |
| WILLIAM TERRY PARKS | :   CASE NO. 15-12557-WHD |
| LAURA LEE PARKS, | : |
| | :   JUDGE W. HOMER DRAKE, JR. |
|     Debtors. | : |
| | : |

## REAFFIRMATION AGREEMENT WITH UNITED BANK

X Part A: Disclosure, Instructions, and
   Notice to Debtor
X Part B: Reaffirmation Agreement
X Part C: Certification by Debtor's
   Attorney

X Part D: Debtor's Statement in Support of
   Reaffirmation Agreement
☐ Part E: Motion for Court Approval
☐ Proposed Order Approving
   Reaffirmation Agreement

☐ Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act.

### DISCLOSURE STATEMENT

**Part A: BEFORE AGREEING TO REAFFIRM A DEBT, REVIEW THESE IMPORTANT DISCLOSURES:**

### SUMMARY OF REAFFIRMATION AGREEMENT

    This Summary is made pursuant to the requirements of the Bankruptcy Code.
    You have filed a voluntary petition constituting an Order for Relief under Chapter 7 of the Bankruptcy Code, and you are indebted to ** ("Creditor").

### AMOUNT REAFFIRMED

a)    The total amount of debt that you agree to reaffirm by entering into this Reaffirmation Agreement: $59,587.95 + interest ; and
b)    The total amount of fees and costs accrued as of the date of the disclosure statement, related to such total amount shown in a) above: $245.00 .
    *Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways depending on the type of debt.]*
**Check each applicable box:**

☐     The debt at the time Debtor's petition was filed, is an extension of credit under an open end credit plan, as the terms "credit" and "open end credit plan" are defined in section 103 of the Truth in Lending Act. Pursuant to 11 U.S.C. § 524(k)(3)(E)(i)(III), Creditor elects to disclose the **Annual Percentage Rate**, or the **Simple Interest Rate** or **Simple Interest Rates** if there are different balances and different simple interest rates apply to different balances, as follows:
**Annual Percentage Rate:** _____%
**Simple Interest Rate:**
Debt 1:$_____ @ _____%
Debt 2:$_____ @ _____%
Debt 3:$_____ @ _____%

X     The debt at the time your petition was filed is an extension of credit *other than* under an open end credit plan, as the terms "credit" and "open end credit plan" are defined in section 103 of the Truth in Lending Act. Pursuant to 11 U.S.C. § 524(k)(3)(E)(ii)(III), Creditor elects to disclose the **Annual Percentage Rate**, or the **Simple Interest Rate** or **Simple Interest Rates** if there are different balances and different simple interest rates apply to different balances, as follows:
**Annual Percentage Rate:**    __4.00__ %

☐     If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act: The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

## SECURITY INTEREST

    If the debt is secured by a security interest which has not been waived in whole or in part or determined to be void by a final order of the court at the time of this disclosure, a security interest or lien in goods or property is asserted against the following items, showing their original purchase price, that are subject to the security interest asserted, or if not a purchase-money security interest then the original amount of the loan:

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| 1621 Beville Drive, Griffin, GA | 66,000.00 |

## REPAYMENT SCHEDULE OF THE REAFFIRMED DEBT

*Check applicable box:*

X    Your first payment in the amount of $596.16 is due on December 29, 2015, but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

☐    Debt 1: Your payment schedule will be as follows:
First payment in the amount of $_____ is due on _____ and continuing thereafter
    X monthly, on the _____ day of each month;
    ☐ semi-monthly, on the _____ and _____ day of each month; or
    ☐ biweekly thereafter, every 14 days
    for a total of _____ number of payments.

Debt 2: Your payment schedule will be as follows:
First payment in the amount of $_____ is due on _____ and continuing thereafter
    ☐ monthly, on the _____ day of each month;
    ☐ semi-monthly, on the _____ and _____ day of each month; or
    ☐ biweekly thereafter, every 14 days
    for a total of _____ number of payments.

Debt 3: Your payment schedule will be as follows:
First payment in the amount of $_____ is due on _____ and continuing thereafter
    ☐ monthly, on the _____ day of each month;
    ☐ semi-monthly, on the _____ and _____ day of each month; or
    ☐ biweekly thereafter, every 14 days
    for a total of _____ number of payments.

## ADDITIONAL DISCLOSURES:

Reaffirming a debt is a serious financial decision. The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

     1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).
     2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.
     3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.
     4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement , you must have completed and signed Part E.
     5. The original of this disclosure must be filed with the court by your or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.
     6. Check the applicable disclosure paragraph below:
If the creditor is not a Credit Union, as defined in section 19(b)(1)(A)(iv) of the Federal Reserve Act, and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation agreement is presumed to be an undue hardship as explained in Part D. In the case of a reaffirmation agreement where the creditor is a credit union, as defined in section 19(b)(1)(A)(iv) of the Federal Reserve Act, if you were represented by an attorney during the negotiation of your reaffirmation agreement, your agreement becomes effective upon filing with the court.
     7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

     You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

## FREQUENTLY ASKED QUESTIONS

<u>What are your obligations if you reaffirm the debt?</u>  A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u>  No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u>  Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather that reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:**  When this disclosure refers to what a creditor "may" do, it does not use the word "may" to five the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney, helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**Part B: REAFFIRMATION AGREEMENT:**

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement: Note, Disclosure and Security Agreement

2. Description of any changes to the credit agreement as made a part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:

X _William Terry Parks_

Date: 2-16-2016

CoBorrower, if also reaffirming these debts:

X _Laura Lee Parks_

Date: 2-16-16

Accepted by creditor:

_Jacquelyn L. Kneidel_, Attorney for United Bank
State Bar No. 644727
Mann Wooldridge Kneidel, PC
PO Box 310
Newnan, GA 30264-0310
(770)253-2222
jkneidel@mwklaw.org
Date of creditor acceptance: 2-19-16

## Part C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY):

*Check each applicable box:*

__✓__ I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

_____A presumption of undue hardship has been established. I hereby certify that in my opinion the debtor(s) is/are able to make the payments pursuant to the terms of this reaffirmation agreement.

☐    [If applicable and the creditor is not a credit union, as defined in section 19(b)(1)(A)(iv) of the Federal Reserve Act.] A presumption of undue hardship has been established with respect to this agreement. Accordingly, I hereby state that in my opinion, the debtor is able to make the payment.

Debtor's Attorney:

*/s/ Lisa Loftin*
Lisa Loftin
Bar Number: 455716

Griffin E. Howell, III & Associates, Ltd.
P.O. Box 551
Griffin, GA 30224
770-227-0110

Date: __2/16/16__

### Part D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received is $ 4642.32, and my actual current monthly expenses including monthly payments on post bankruptcy debt and other reaffirmation agreements total $ 3884.00 leaving $ 758.32 to make the required payments on this reaffirmed debt. I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

_____
(state additional sources of funds to make the payments as agreed upon under the terms of the reaffirmation agreement).

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

*Check box if applicable:*

☐ Where the debtor is represented by an attorney and is reaffirming a debt owed to a credit union, as defined in section 19(b)(1)(A)(iv) of the Federal Reserve Act, then I further state that I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Debtor:                                              Joint Debtor:

X *[signature]*                                      X *[signature]*
William Terry Parks                                  Laura Lee Parks

Date: 2-16-16